IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| TRACEY A. COLEMAN, | ) | 4:06CV3047 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | **FINDINGS OF FACT** |
| | ) | **AND CONCLUSIONS** |
| MICHAEL CHERTOFF, SECRETARY | ) | **OF LAW** |
| of the UNITED STATES DEPARTMENT | ) | |
| OF HOMELAND SECURITY, in his | ) | |
| official capacity, | ) | |
| | ) | |
| Defendant. | ) | |

I am responsible for deciding the age claim and the retaliation claim that is related to the age claim. The jury is responsible for the other claims. After hearing all the evidence, my findings of fact and conclusions of law are these:

1. The federal law provides that the defendant cannot legally treat Ms. Coleman unfavorably because of her age. I also believe that the federal law prohibits the defendant from treating Ms. Coleman less favorably because she exercised her right to engage in EEO activity regarding a claim of age discrimination. Ms. Coleman is and was a protected person for the purposes of the age statutes. Ms. Coleman also engaged in "equal employment opportunity" (EEO) activity that is, in my opinion, protected under the federal age laws. In short, she has a legal right to seek redress for both such claims in this court.

2. Ms. Coleman served as the union president and later sought and received the position of ombudsman. These positions naturally brought her into conflict with various other employees of the defendant. While Ms. Coleman was (and remains) an exemplary employee in most respects, she was overly judgmental and quick to anger when performing her duties as union president and ombudsman. As a result, Ms.

Coleman's relationship with the defendant and many of her co-employees suffered. In my opinion, age discrimination or retaliation played no part in that unpleasantness.

3. In general, I found the defendant's witnesses to be credible. In contrast, I saw in Ms. Coleman's demeanor and testimony the accusatory characteristics that so many other witnesses spoke about. For example, Ms. Coleman suggested on cross-examination that an African-American senior manager's attempt to make her "a special assistant" was somehow "sexual" in nature. Coleman withdrew that totally unsupported assertion on re-direct examination when prompted to do so by her counsel. This "off the wall" accusation demonstrated what others had said about her; that is, despite being an outstanding employee in other respects, Coleman was (and remains) quick to anger and lash out without having a legitimate basis for doing so.

4. To be specific, I find and conclude that Ms. Coleman was *not* the victim of age discrimination. Indeed, most of the people involved in making decisions or recommendations about Ms. Coleman were over 40 years of age and they evidenced not the slightest intention to discriminate against people, like themselves, who were 40 or older.

5. To be specific, I also find and conclude that Ms. Coleman was *not* the subject of retaliation for engaging in EEO protected activity regarding her claim of age discrimination. If anything, the government went out of its way to try to reach an amicable resolution of Ms. Coleman's complaints as opposed to punishing Coleman for exercising her rights.

6. A separate judgment will be entered.

December 18, 2007. BY THE COURT:

*s/Richard G. Kopf*
United States District Judge